**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CARGILL FINANCIAL SERVICES
INTERNATIONAL, INC. and CFSIT, INC.,

      Plaintiffs,

              v.

TARAS BARSHCHOVSKIY,

      Defendant.

---

**Case No.: 24-cv-05751-LJL**


**DEFENDANT TARAS BARSHCHOVSKIY'S**
**MEMORANDUM OF LAW IN SUPPORT OF**
<u>**HIS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**</u>


                              Blaise U. Chow
                              Martin R. West II
                              **KENNEDYS CMK LLP**
                              570 Lexington Avenue – 8th Floor
                              New York, New York 10022
                              Tel: (212) 252-0004
                              Email: blaise.chow@kennedyslaw.com
                              Email: martin.west@kennedyslaw.com

**TABLE OF CONTENTS**

Page(s)

**PRELIMINARY STATEMENT** ...............................................................................................1

**BACKGROUND** ........................................................................................................................2

**PROCEDURAL HISTORY** ......................................................................................................4

    1. Cargill's Motion for Alternative Service.....................................................................5

**ARGUMENT**...............................................................................................................................7

    1. Cargill Was Required to Demonstrate Impracticability and Actual Efforts to Effect Service……………………………………………………………………………….7
    2. Cargill Did Not Undertake Any Efforts to Serve Mr. Barshchovskiy in the New York Action……………………………………………………………………..….8
    3. Cargill Has Failed to Plead and Effectuate an In Rem Cause of Action………....11

**CONCLUSION** ........................................................................................................................15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Sunset Homeowners Association, Inc. v. DiFrancesco*,
   1:19-cv-00019 EAW, 2019 WL 1597497 (W.D.N.Y. Apr. 15, 2019) ...................................... 9

*Mandeville v. Cantebury*, 318 U.S. 47 (1943)
   911 F. Supp. 720 (S.D.N.Y. 1996) ..................................................................................... 18

*Harvardsky Prumyslovy Holding, A.S. -V Likvidaci v. Kozeny*
   983 N.Y.S.2d 240 (1st Dep't 2014) ..................................................................................... 16

*AlbaniaBEG Ambient SH.p.k. v. Enel S.p.A.*,
   160 A.D.3d 93 (1st Dep't 2018) ....................................................................................... 2, 3

*Banco Ambrosiano, S.P.A. v. Artoc Bank & Tr. Ltd.*,
   62 N.Y.2d 65, 464 N.E.2d 432 (1984) ................................................................................ 18

*Doppelt v. Smith*,
   No. 650749/2014, 2015 WL 5823046 (N.Y. Sup. Ct. Oct. 01, 2015) ...................................... 6

*Ferrarese v. Shaw*,
   164 F. Supp. 3d 361 (E.D.N.Y. 2016) ................................................................................. 12

*Hanna v. Stedman,*
   130 N.E. 566 (1921) ............................................................................................................ 15

*International Shoe Co. v. Washington*,
   326 U.S. 310 (1945) ............................................................................................................ 17

*Langdon v. Mohr*,
   412 N.Y.S.2d 600 (1st Dep't 1979) ..................................................................................... 10

*Liebeskind v. Liebeskind*,
   449 N.Y.S.2d 226 (1982) ..................................................................................................... 10

*Mandeville v. Cantebury*,
   318 U.S. 47 (1943) ............................................................................................................... 18

*Mende v. Milestone Tech.*, Inc.,
   269 F. Supp. 2d 246 (S.D.N.Y. 2003) ................................................................................... 9

*Oglesby v. Barragan*,
    24 N.Y.S.3d 770 (3rd Dep't 2016) .............................................................................. 10, 12, 13

*Peninsula Petroleum Ltd. v. New Econ Line PTE Ltd.*,
    No. 09 CIV. 1375 (PGG), 2009 WL 702840 (S.D.N.Y. Mar. 17, 2009) ............................ 16, 17

*Preson v. New York*,
    223 F. Supp. 2d 452 (S.D.N.Y. 2002) ........................................................................................ 9

*Terto v. Tizov*,
    584 N.Y.S.2d 893 (2d Dep't 1992) .......................................................................................... 14

*Twombly v. Iqbal*,
    550 U.S. 544 (2007) ................................................................................................................. 17

**Statutes**

28 U.S.C. § 1450 .................................................................................................................................. 8

**Rules**

CPLR § 308 ............................................................................................................ 9-11, 13, 14

CPLR § 3213 ........................................................................................................................... 2

Fed. R. Civ. P. 12(b)(5) ................................................................................................. 1, 8, 9, 19

Fed. R. Civ. P. 12(b)(6) ........................................................................................................... 1, 8

Fed. R. Civ. P. Rule 8 .................................................................................................................. 16

Defendant Taras Barshchovskiy, through his attorneys, respectfully submits this memorandum of law in support of his motion to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process. In the alternative, if the Complaint is not dismissed, Mr. Barshchovskiy seeks to dismiss Plaintiffs' putative *in rem* claim for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiffs, Cargill Financial Services International, Inc. and CFSIT, Inc. (collectively "Cargill") seek recognition of a foreign judgment issued by the High Court of Justice, Business and Property Courts of England & Wales, Commercial Court (the "English Judgment").

Defendant, Mr. Barshchovskiy seeks to dismiss Cargill's Complaint on the basis that service of process was improper and alternative service was not appropriate.

It is clear from the affidavits submitted by Cargill in support of its *ex parte* motion for alternative service, that Cargill made absolutely no attempts to serve the New York Summons and Complaint on Mr. Barshchovskiy before seeking alternative service. As discussed in more detail below, this is insufficient to warrant alternative service and as a result, Cargill's Complaint should be dismissed for improper service.

It should be noted at the outset, that the limited nature of this motion is not indicative in any way that Mr. Barshchovskiy does not intend to vigorously contest the enforcement of the English Judgment. Rather, because Cargill commenced this action in state court via a complaint, instead of a motion for summary judgment in lieu of complaint pursuant to CPLR § 3213, the submission of additional evidence at this stage is futile because Mr. Barshchovskiy must accept the allegations in Cargill's Complaint as true for purposes of a motion to dismiss.

What is undisputed however, is that Mr. Barshchovskiy is not subject to jurisdiction in New York, nor are there any specific allegations that he maintains any specific assets in this forum. Thus, personal jurisdiction and *in rem* jurisdiction are lacking.

It is therefore worth mentioning at the outset that New York courts have identified an exception to the general rule requiring jurisdiction over a defendant in cases where the recognition of a foreign judgment is "merely ministerial" however, courts will not hear such an action where jurisdiction is lacking when, like in this matter, a defendant raises "colorable statutory grounds for denying the foreign judgment recognition." *AlbaniaBEG Ambient SH.p.k. v. Enel S.p.A.*, 160 A.D.3d 93, 93, 100 (1st Dep't 2018). As in *AlbaniaBEG*, the Court here "will be required to determined contested questions of fact, or law, or both." *Id.* at 108. However, because Cargill has pled the propriety of the English Judgment, and commenced this action by complaint, not motion for summary judgment in lieu of complaint as is traditionally done, Mr. Barshchovskiy must reserve his jurisdictional defenses for a subsequent motion for summary judgment. *See Trejos Hermanos Sucesores S.A., v. Verizon Communications Inc.*¸ 21-cv-08928 (JLR) 2014 WL 149551 (S.D.N.Y. Jan. 12, 2024). To be clear, Mr. Barshchovskiy expressly reserves his right to contest jurisdiction.

## BACKGROUND

Though this motion is limited to contesting the propriety of Cargill's alternative service on Mr. Barshchovskiy and pleading deficiencies, some brief, high-level, background is helpful to understand the dispute.

The roots of this matter stretch back to assignment agreements signed in the days before the insolvency of the Ukraine-based Delta Bank, of which Cargill was a 30% shareholder. The circumstances surrounding Cargill's inducement of the financial instruments, the push to execute

the assignment agreements, and the validity of the assignments, which were subsequently supported with, *inter alia*, personal guarantees by Mr. Barshchovskiy, remain suspicious. However, this forum, which lacks jurisdiction over Mr. Barshchovskiy, is not the appropriate place to address these issues.

In May 2021, Cargill commenced arbitration for alleged non-payment under various assignments and related guarantees against, *inter alia*, Mr. Barshchovskiy.

In the midst of the arbitration, on February 24, 2022 Russia invaded Ukraine. As a result, Ukraine was not only at war, with the country being invaded, but the Board of the National Bank of Ukraine issued "Resolutions" prohibiting all cross-border payments with limited exclusions.

The practical impact of these Resolutions was that Mr. Barchovsky was unable to retain English qualified counsel to represent him in the LCIA[1] arbitration proceedings.

Mr. Barshchovskiy, through his Ukrainian counsel advised the LCIA Panel ("Panel") of these issues. And, initially the Panel agreed, in a formal Ruling on Stay Application, dated April 8, 2022 (the "April 8th Ruling"),[2] the Panel stated that it "considered ordering a short adjournment of, say, a matter of weeks or a few months, but this would still leave a significant risk of problems due to the war, or its consequences, and could well lead to a further adjournment application." (April 8th Ruling ¶ 37.)

The Panel continued, "The Tribunal has decided that a longer adjournment would be appropriate, to give an opportunity, and sufficient time, for [Mr. Barshchovskiy] to deal fully and effectively with the impact of the invasion. Taking account of its availability, the Tribunal

---

[1] The London Court of International Arbitration
[2] A copy of the April 8th Ruling is attached to the West Declaration as Exhibit 1.

3

proposes to re-fix the hearing of the claim against [Mr. Barshchovskiy] on dates to be fixed from mid-March 2023 onwards." (April 8th Ruling ¶ 38.)

The Panel's "Conclusion" was that "the hearing of the claim against [Mr. Barshchovskiy] (and of [Mr. Barshchovsky's]'s jurisdiction objection and defenses) should be re-fixed for the earliest possible dates from mid-March 2023 onwards." (April 8th Ruling ¶ 51(b).)

However, shortly thereafter, the Tribunal changed its position in the face of Cargill's "utter[] dismay[]" at having to adjourn an arbitration because one of the respondent's country had been invaded by a foreign army and was an active war zone.

As a result, Mr. Barshchovskiy was unable to further participate in the arbitration, unable to seek or obtain discovery, and unable to present his defense or issue counterclaims.

Following a unilateral hearing, the Tribunal issued its Partial Final Arbitration Award on December 14, 2022, finding the respondents liable under the various assignments and guarantees.

Subsequent proceedings were commenced in the United Kingdom, Poland, and Ukraine, including an ongoing criminal investigation into the activities of Cargill's key witness in the arbitration relating to Cargill's transactions with Delta Bank's customers in the months leading to Delta Bank's insolvency. This, among several other issues, including repeated and questionable service improprieties by Cargill, will serve as the basis for Mr. Barshchovskiy challenge to the Tribunal's Award and the subsequent judgment confirming that Award.

## **PROCEDURAL HISTORY**

On March 28, 2024, commenced this action with the filing of a Summons and Complaint in New York Supreme Court, County of New York, under index number 152854/2024 (the "New

York Action") (Dkt. No 3-1.) Plaintiffs also filed seven exhibits at that time, though Cargill ultimately only e-mailed the Summons and Complaint without the exhibits to Mr. Barshchovskiy.[3]

On June 25, 2024, Cargill filed an *ex parte* application seeking an Order authorizing alternative service on Mr. Barshchovskiy.[4] This application and the resulting Order are the basis for the present motion, and are discussed in more detail below. Cargill's motion was granted the following day on June 26, 2024. (Dkt No. 3-2.)

Cargill alleges that service was completed on July 3, 2024. (Dkt No. 3-3.)

Mr. Barshchovskiy removed this action to federal court on July 29, 2024.[5]

### 1. Cargill's Motion for Alternative Service

Cargills' motion for alternative service was supported by two affirmations and one improper "brieffirmation."[6] The "brieffirmation" was signed by Bradley S. Pensyl, a partner and New York attorney with Allen Overy Shearman Sterling US LLP.[7] One affirmation was signed by, Brandon D. O'Neil, an English solicitor from Allen Overy Shearman Sterling LLP who is also admitted in to practice law in New York.[8] The other affirmation was signed by Dmytro Marchukov, a senior partner at the Ukrainian law firm of Integrites.[9]

Across these three affirmations, one thing is clear: Cargill made absolutely no attempts to serve Mr. Barshchovskiy with the Summons and Complaint from the New York Action before

---

[3] These exhibits are attached to the West Declaration as Exhibit 2-8.
[4] A copy the *ex parte* proposed order is attached to the West Declaration as Exhibit 9.
[5] Due to a ECF case opening issue, the matter was not opened and the notice of removal filed until July 30, 2024; however, the removal paperwork was served on Cargill's attorneys on July 29, 2024.
[6] *See Doppelt v. Smith*, No. 650749/2014, 2015 WL 5823046, at *3 (N.Y. Sup. Ct. Oct. 01, 2015) (discussing improper brieffirmations).
[7] A copy of Mr. Pensyl's Affirmation is attached as Exhibit 10 to the West Declaration.
[8] A copy of Mr. O'Neil's Affirmation is attached as Exhibit 11 to the West Declaration.
[9] A copy of Mr. Marchukov's Affirmation is attached as Exhibit 12 to the West Declaration.

5

seeking alternative service. Put simply, Cargill claims that because it attempted to serve Mr. Barshchovskiy by mail at a single address, at 5 Kniazia Sviatoslava Sq., apt. 113, Lviv, Lviv Region, Ukraine 79016 (the "Kniazia Address") several times in relation to a Ukrainian lawsuit, it should be entitled to alternative service in the New York Action.

Furthermore, while Plaintiffs argue that "Despite significant efforts, including from Plaintiffs' Ukrainian counsel and a third-party investigative firm, Plaintiffs have been unable to locate an address or place where Defendant resides, works, or frequents or any other method by which Defendant could be served by mail or personal delivery" none of these "significant efforts" are detailed in any of the motion papers. (Pensyl Aff. ¶ 14.) Indeed, Ukrainian counsel never references the third-party investigative firm in his affirmation. (*See* Marchukov Aff.) Nor is there any affirmation, declaration or even a single documentary exhibit from the unnamed "third-party investigative firm" explaining what steps were taken to locate Mr. Barshchovskiy.

Cargill's affirmations further show that Plaintiffs did, in fact, have addresses for Mr. Barshchovskiy of which they tried to serve one address at most, one time personally and several times via mail, all in connection with another lawsuit. (Marchukov Aff. ¶¶ 28-52.) Notably, Mr. Marchukov suggests that service by "courier" through "DHL Group" was an attempt to "personally serve" Mr. Barshchovskiy. (Marchukov Aff. ¶ 48-50.) This is the only service attempt that was colorably personal service and even that is questionable at best and that was done in connection with a Ukrainian lawsuit, not the New York Action. Additionally, none of the underlying returned mail, correspondence with DHL Group, or any documentation regarding these service attempts were including with any of the affirmations.

The affirmations also show that the only relevant action taken by Cargill since the filing of the New York Action was that it "received access to the tax declarations of Defendant . . . the most

6

recent one (dated April 19, 2024) mentions an address at Bratkovychy village, Lviv Region, Ukraine 81524, it does not include a street name or house number." (Marchukov Aff. ¶ 7(f).) Cargill's affirmations indicate that there was no effort made to follow-up on this address by Cargill, its attorneys, or the unnamed third-party investigator.

## ARGUMENT

Mr. Barshchovskiy moves to dismiss this matter under Fed. R. Civ. P. 12(b)(5) for insufficient service of process and, in the alternative, to dismiss Cargills' putative *in rem* claim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Each is discussed in turn below.

### 1. Cargill Was Required to Demonstrate Impracticability and Actual Efforts to Effect Service

In circumstances, such as these, where alternative service was approved by a state court before removal, the state court's orders regarding service become "federalized" under 28 U.S.C. § 1450 allowing for review of the state court's order authorizing alternative service under Rule 12(b)(5). *Sunset Homeowners Association, Inc. v. DiFrancesco*, 1:19-cv-00019 EAW, 2019 WL 1597497 at *6-*8 (W.D.N.Y. Apr. 15, 2019).

And "when a defendant raises a Rule 12(b)(5) 'challenge to the sufficiency of service of process, the plaintiff bears the burden of providing its adequacy.'" *Mende v. Milestone Tech.*, Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (quoting *Preson v. New York,* 223 F. Supp. 2d 452, 466 (S.D.N.Y. 2002).

The question here is whether Cargill made a sufficient showing that service under usual methods was "impracticable." New York Civil Practice Law and Rules ("CPLR") Section 308 (5). Courts routinely state that impracticability "is not capable of easy definition." *Liebeskind v. Liebeskind*, 449 N.Y.S.2d 226, 228 (1982), *aff'd*, 447 N.E.2d 74 (1983).

7

And, while the impracticability standard does "not require a showing of actual attempts to serve parties under every method in the aforementioned provisions of CPLR § 308, the movant **is required to make competent showings as to actual efforts made to effect service.**" *Oglesby v. Barragan*, 24 N.Y.S.3d 770, 772 (3rd Dep't 2016); *see also Langdon v. Mohr*, 412 N.Y.S.2d 600, 601 (1st Dep't 1979) (reversing trial court order regarding alternative service where the underlying order did not "indicate[] that any effort to make such service had been in fact undertaken").

### 2. Cargill Did Not Undertake Any Efforts to Serve Mr. Barshchovskiy in the New York Action

Cargill's multiple affirmations demonstrate that Cargill made no attempts to serve Mr. Barshchovskiy with the Summons and Complaint filed in the New York Action before filing its *ex parte* motion for alternative service. This dearth of effort precludes Cargill from making the showing of "impracticability" of service under CPLR § 308 necessary for the authorization of service by alternative means.

The affirmations are also silent as to what, if any, specific steps were taken since the New York Action was commenced on March 28, 2024 to determine Mr. Barshchovskiy's address. Rather, Cargill's brieffirmation contains the conclusory statement: "Promptly after filing the Summons and Complaint, Plaintiffs' U.S., English, and Ukrainian counsel began working together to determine how to serve Defendant with process. Plaintiffs have also engaged a global investigative firm to assist with this process." (Pensyl Aff. ¶ 11.) The affirmation continues, stating that "[d]espite significant efforts, including from Plaintiffs' Ukrainian counsel and a third-party investigative firm, Plaintiffs have been unable to locate an address or place where Defendants resides, works, or frequents or any other method by which Defendant could be served by mail or personal delivery." (*Id.* at ¶ 14.)

However, none of these "significant efforts" are detailed in any of the motion papers. Indeed, Ukrainian counsel never references the third-party investigative firm in his affirmation. (*See* Marchukov Aff.) Nor is there any affirmation or declaration from the unnamed "third-party investigative firm" explaining what steps were taken to locate Mr. Barshchovskiy.

Rather, the affirmations focus extensively on Cargill's attempts to serve Mr. Barshchovskiy at a single address in a Ukrainian court proceeding. And, excluding e-mails in foreign cases, the last attempt that Cargill made to serve Mr. Barshchovskiy in any court proceeding was in December 5, 2023. (Marchukov Aff. ¶ 51.)

In fact, seemingly the only development since the filing of the New York Action was Cargill receipt of "tax declarations of Defendant . . . the most recent one (dated April 19, 2024) mentions an address at Bratkovychy village, Lviv Region, Ukraine 81524" (the "Bratkovychy Address") (Marchukov Aff. ¶ 7(f).) Despite this, the affidavits identify absolutely no efforts to further investigate this address or attempt to service.

Moreover, there is no testimony in any of the affirmations that Cargill or its alleged investigator conducted a "skip trace," spoke with any associates of Mr. Barshchovskiy, or referenced any computer databases or social media platforms other than the "Unified State Register of Ukraine of Legal Entities, Individual Entrepreneurs and Public Organizations" from which Mr. Barshchovskiy was de-registered in April 2024. *See Ferrarese v. Shaw* 164 F. Supp. 3d 361, 363, 364, 366 (E.D.N.Y. 2016) (finding a demonstration of impracticability where petitioner sent "process servers to both of defendant's home addresses" spoke with "defendant's sister at one of the home addresses about defendant's whereabouts" hired "a private investigator" who conducted two "skip traces," and searched "various computer databases and social media platforms").

9

Indeed, the lack of any effort on Cargill's part with respect to this address is similar to *Oglesby v. Barragan*, 24 N.Y.S. 3d 770, 772 (3rd Dep't 2016). In that case, alternative service was denied where the plaintiff attempted to serve the defendant at an old address and offered "no explanation as to any further attempts to ascertain defendants' current addresses other than the conclusory assertion that they have investigated the whereabouts of [Defendants] and concluded that they did not live in New York." *Id.* at 1216, 772. Cargill, like the Plaintiff in *Oglesby* offers only conclusory assertions regarding its investigation into Mr. Barshchovskiy.

And even assuming that personal service would have failed at the Kniazia Address, at minimum Cargill was required to investigate the Bratkovychy Address and show some attempts of service of the New York Action Summons and Complaint at one of these locations. Indeed, CPLR § 308 (4) specifically requires the of mailing a summons to the defendant's "last known address." And, failure to comply with CPLR § 308 (4) in this regard can preclude a plaintiff's motion for alternative service. *See Terto v. Tizov*¸ 584 N.Y.S.2d 893 (2d Dep't 1992). Here, there is no evidence that Cargill attempted service under CPLR 308 (4) to either the Kniazia Address or the Bratkovychy Address.

As a result, it does not matter whether Cargill was required to serve Mr. Barshchovskiy via the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (November 15, 1965) 20 U.S.T. 361, 367–69, 658 U.N.T.S. 163, 182–85, or Ukraine's "detailed procedure for the enforcement of a foreign court's request for service of a court summons or other documents in Ukraine (Marchukov Aff. ¶ 19) because it attempted neither. And, Cargill's lack of any serious attempt to serve Mr. Barshchovskiy with the New York Action Summons and Complaint prevents a finding of impracticability and precludes service by

alternative means. As such, Cargill's Complaint should be dismissed for insufficient service of process.

### 3. Cargill Has Failed to Plead and Effectuate an *In Rem* Cause of Action

It is worth mentioning at the outset that Cargill does not allege that this Court has *in personam* of Mr. Barshchovskiy. (Dkt No. 3-1 ¶¶ 15-24.)

Cargill does allege that there is *in rem* jurisdiction based upon the following sole allegation:

> On information and belief, Barshchovskiy beneficially owns assets, including funds, receivables, and shipments of juice concentrate, that are located in and pass through the State of New York.

(*Id.* at ¶ 22.)

This vague allegation, made upon information and belief, does not meet the pleading requirements of an *in rem* claim, which require that the *res* be identified with specificity and particularity. As a result, Cargills' putative *in rem* claim should be dismissed.

It is well-established that an "action or proceeding in rem has for its subject **specific property** which is within the jurisdiction and control of the court to which application for relief." *Hanna v. Stedman,* 130 N.E. 566, 569 (1921) (emphasis added). Indeed, the federal rules relevant to actions *in rem* reach contain the same specificity requirement. Supplemental Federal Rule E requires that the complaint state the claims with "particularity." *See* Fed. R. Civ. P. Supp. AMC Rule E ("Except as otherwise provided, this rule applies to . . . actions in rem . . . ."). And this is consistent across all Federal Rules relating to *in rem* proceedings. Supplemental Rule C required that an *in rem* complaint "describe with particularity the property that is the subject of the action." Fed. R. Civ. P. Supp. AMC Rule C. Similarly, Supplemental Rule G states that the complaint must "describe the property with reasonable particularity."

11

Cargill's vague allegations regarding "assets" "funds" "receivables" and "shipments of juice concentrate" do not identify a specific property nor do they identify that property with sufficient particularity.

Compare the vague allegations in this matter with *Harvardsky Prumyslovy Holding, A.S. - V Likvidaci v. Kozeny*, where the plaintiff filed an action to enforce a foreign judgment and simultaneously sought "attachment of funds held in a Wells Fargo bank account." 983 N.Y.S.2d 240, 241 (1st Dep't 2014).

In *Harvardsky* the Plaintiffs made specific allegations that the funds underlying the action were held in a specific bank account and also explained the origins of the funds. *Id.* Those allegations led to the attachment of the funds. Here, Cargill merely alleges, "upon information and belief" that there are "assets" in this district; this is insufficient.

Indeed, the allegations here are nearly identical to the allegations that this Court found insufficient in *Peninsula Petroleum Ltd. v. New Econ Line PTE Ltd.*, No. 09 CIV. 1375 (PGG), 2009 WL 702840, at *1 (S.D.N.Y. Mar. 17, 2009). In *Peninsula Petroleum*, the Plaintiff alleged "Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire credit in the hands of garnishees in this District . . . ." *Id.* at *2.

The court then found Plaintiff's allegations insufficient under either the heightened "particularity" standard or the lower Fed. R. Civ. P. Rule 8 "plausibility" standard. Specifically, the court held, "Plaintiff's 'information and belief' allegation does not provide a sufficient factual basis to demonstrate the plausibility of Plaintiff's claim that the Defendant will in fact have property in this District . . . ." *Id.* at *3. The court further explained that the Plaintiff "has not

12

included 'enough factual matter (taken as true) to suggest that Defendant's property may be found in the Southern District of New York." *Id.* (citing to *Twombly v. Iqbal*, 550 U.S. 544 (2007)).

Here, Plaintiffs' allegations suffer the same deficiency, offering no particular or even sufficiently plausible allegations regarding the alleged assets upon which they base their putative *in rem* claim.

Indeed, the vague allegations make clear that this is nothing more than a fishing expedition, seeking discovery regarding Mr. Barshchovskiy's potential assets, which is especially inappropriate here, where there are absolutely no allegation that Mr. Barshchovskiy is subject to the jurisdiction of this Court. Allowing Plaintiffs to proceed with an unsubstantiated *in rem* claim here, would "offend the traditional notions of fair play and substantial justice . . . at the heart of the Due Process Clause." *AlbaniaBEG* at 108 (quoting *International Shoe Co. v. Washington* 326 U.S. 310, 316 (1945) (alterations omitted)).

As the court in *AlbaniaBEG* stated, "the debtor should only be required to respond to an action for recognition or enforcement in a court where the debtor's property has some connection to the forum and it is fair to require him to respond there . . . ." *AlbaniaBEG* at 109 (quoting Linda J. Silberman and Aaron D. Simowitz, *Recognition and Enforcement of Foreign Judgment and Awards: What Hath Daimler Wrought?*, 91 NYU L Review 344, 347 (2016)). Here, there are no allegations sufficient to connect the vaguely identified *res* and this forum.

Furthermore, Cargill's failure to seek to attach, restrain, arrest, or seize the non-descript *res* is fatal to any potential *in rem* claim. As Judge Preska explained in *United States v. $490,920 in U.S. Currency* "possession and control of the property are indispensable to the exercise of in rem jurisdiction." 911 F. Supp. 720, 729 (S.D.N.Y. 1996) (quoting *Mandeville v. Cantebury*, 318 U.S. 47 (1943)) (alterations incorporated). It is well-established that the control of a *res* for an *in*

*rem* claim arises from a court's jurisdiction over the *res* and that jurisdiction only arises when the *res* is brought before the court by way of attachment, restraint, arrest, seizure, or other similar procedure. *Banco Ambrosiano, S.P.A. v. Artoc Bank & Tr. Ltd.*, 62 N.Y.2d 65, 70, 464 N.E.2d 432, 434 (1984) ("The conceptual basis for the State's power to adjudicate the claim was defendant's property, which was brought before the court by virtue of its seizure or attachment.") There is nothing before the Court and Cargill has not sought to seize or attach any property, therefore there is no valid *in rem* claim.

Lastly, to the extent that Cargill's allegations are construed to attach corporate assets on the basis that Mr. Barshchovskiy is the "beneficial owner" (such as the juice concentrate that is identified in the Complaint, a commodity that entities affiliated with Mr. Barshchovskiy previously traded), those allegations also fail because there are absolutely no allegations relating to and no relief requested regarding veil piercing or alter ego theories.

In light of the foregoing, Cargill has failed to plead an *in rem* claim and any putative *in rem* claim should be dismissed.

## **CONCLUSION**

This Court should dismiss this matter for improper service under Fed. R. Civ. P. 12(b)(5) and because it otherwise lacks jurisdiction over Mr. Barshchovskiy. In the alternative, Cargills *in rem* claim should be dismissed for failure to state a claim upon which relief can be granted.

Dated: August 5, 2024                               Respectfully submitted,

                                                                        KENNEDYS CMK, LLP


                                                                        ___*/s Blaise U Chow*__
                                                                        Blaise U. Chow
                                                                        Martin R. West II
                                                                        570 Lexington Avenue – 8th Floor
                                                                        New York, New York 10022
                                                                        Tel: (212) 252-0004
                                                                        Email: blaise.chow@kennedyslaw.com
                                                                        Email: martin.west@kennedyslaw.com
                                                                        *Attorneys for Defendant*
                                                                        *Taras Barshchovskiy*